```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JASON PORTER,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       19-CV-1408(JS)(ARL)

KRISTIAN BARLING GAME,
PAROLE OFFICER ZRAKE,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Jason Porter, pro se
                   19-A-3761
                   Downstate Correctional Facility
                   Red Schoolhouse Road
                   P.O. Box F
                   Fishkill, New York 12524

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On March 11, 2019 incarcerated pro se plaintiff Jason Porter ("Plaintiff") filed a Complaint in this case together with a motion to proceed in forma pauperis. On April 18, 2019 Plaintiff filed a second Complaint together with a motion to proceed in forma pauperis. (See Jason Porter v. Kristian Barling Green, No. 19-CV-2273.) By Memorandum and Order dated September 27, 2019, (see M&O, D.E. 9), the Court consolidated these two actions into the first-filed docket; dismissed the in forma pauperis Complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1), and granted Plaintiff leave to file an Amended Complaint within thirty (30) days from the date of the M&O. On October 17, 2019, Plaintiff

timely filed an Amended Complaint against Kristian Barling Game ("Game") and Parole Officer Zrake ("Zrake" and together "Defendants"). For the following reasons, the Amended Complaint fails to allege a plausible claim against Defendants and the Amended Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b)(1)-(2).

## THE AMENDED COMPLAINT[1]

Plaintiff's Amended Complaint, brought pursuant to 42 U.S.C. § 1983, continues to allege that Game, a substance abuse counselor at Eastern Long Island Hospital, "create[d] a fraudulent discharge [plan]" and sent it to Zrake at the Suffolk County Parole Office. (Am. Com., D.E. 12, at 1-2.) According to the Amended Complaint, Zrake "manipulated" and "induc[ed]" Game, on November 13, 2018, after Plaintiff had already shown Zrake the original discharge plan, to create a backdated discharge plan that reflected that Plaintiff had been "kicked . . . out of the program on 11/11/18." (Am. Compl. at 1-2.) Plaintiff claims that Zrake and Game "conspired" to violate Plaintiff's due process right by

---

[1] The following facts are taken from Plaintiff's Complaints and are presumed to be true for the purposes of this Order. Excerpts from the Complaints as reproduced here exactly as they appear in the originals. Errors in spelling, punctuation, and grammar have not been corrected or noted.

creating the second, false discharge plan, which was then used as the basis to issue a warrant for Plaintiff's arrest for a parole violation. (Am. Compl. at 2-3.) As a result, Plaintiff claims to have had to undergo "mental health treatment and consume several different physic medication[s]." (Am. Compl. at 3.) Although the original Complaints sought exclusively monetary damages in the total sum of twelve million dollars ($12,000,000.00), (see 19-CV-1408, Compl., D.E. 1, ¶ III; 19-CV-2273, Compl., D.E. 1, ¶ III), the Amended Complaint does not seek any relief. (Am. Compl. at 4.)

DISCUSSION

I. Application of 28 U.S.C. § 1915

Having granted Plaintiff's application to proceed in forma pauperis, (see M&O at 6-7), the Court must determine whether the Amended Complaint alleges a plausible claim for relief. Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se

plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

II. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

> States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person action under color of state law. Thus, private parties are not generally liable under a Section 1983. Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 461, 102 L. Ed. 2d 469 (1988) (citation omitted).

    A.   Game is not a State Actor

Here, Game is alleged to be employed at Eastern Long

Island Hospital Rehabilitation Center. Private conduct is generally beyond the reach of § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999); Vaughn v. Phoenix House Programs of N.Y., 14-CV-3918, 2015 WL 5671902, at *4 (S.D.N.Y. Sept. 25, 2015) (Section 1983 claims "fail[ed] as a matter of law because neither [the hospital] nor the individual [d]efendants are state actors, nor were they acting under color of law."); see also Melvin v. State of Conn., 16-CV-0537, 2017 WL 3841689, *3-4 (D. Conn. Sept. 1, 2017) (finding private residential drug treatment program was not a state actor for Section 1983 purposes where plaintiff resided at the facility as a condition of parole). Indeed, "courts have consistently held that drug treatment facilities that treat individuals pursuant to a condition of parole are not performing a public function." Melvin, 2017 WL 3841689, at * 3 (collecting cases).

However, private entities may be deemed to act under color of state law when their activities are "attributable to the state." Vaughn, 2015 WL 5671902, *4. The Second Circuit instructs that one of three tests (the "compulsion test", the "public function test", and the "joint action test") must be met to find state action by a private entity. Hollander v. Copacabana

6

Nightclub, 624 F.3d 30, 34 (2d Cir. 2010). There is no allegation that the state controlled or ran Eastern Long Island Hospital, or that the State delegated any public entity to do it. Nor does Plaintiff sufficiently allege that Game was a willful participant in joint activity with a state actor, Zrake. Plaintiff alleges, in conclusory fashion, that Zrake "manipulated" and "induc[ed]" Game to create a false discharge plan so as to provide a basis for Zrake to arrest Plaintiff for a parole violation. Vague and conclusory allegations that a defendant has engaged in a conspiracy to violate a plaintiff's constitutional rights must be dismissed. See Ciambriello, 292 F.3d 307, 325 (2d Cir. 2002) (dismissing conspiracy allegations where they were found "strictly conclusory"); see also Walker v. Jastremski, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983." (citing Ciambriello)); Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); Green v. Bartek, 05-CV-1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations.").

Accordingly, because Plaintiff has not sufficiently alleged state action, Plaintiff's Section 1983 claim against Game is not plausible and is thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

   B.   Plaintiff's Claims against Zrake are barred by the Eleventh Amendment

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)). As an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); Stone v. N.Y. City Dept. of Homeless Servs., 159 F. App'x 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (citation omitted).

Similarly, Section 1983 claims against state employees

sued in their official capacities are also barred by the Eleventh Amendment. Graham, 473 U.S. at 165-67, and n.14, (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities.").

Here, Plaintiff's Amended Complaint does not include a demand for relief. However, the original Complaint sought exclusively monetary damages. Given the absence of a claim for any relief in the Amended Complaint, much less for any injunctive relief, together with the fact that Plaintiff had sought only monetary damages in the original Complaints, Plaintiff's claims against Zrake sued in his official capacity are barred by the Eleventh Amendment to the Constitution, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268, 117 S. Ct. 2028, 2033, 138 L. Ed. 2d 438 (1997), and is thus DISMISSED pursuant to 28 U.S.C. §§1915(e)(2)(B)(i)-(iii), 1915A(b).[2]

---

[2] The Court notes that the Plaintiff's Section 1983 claims against the Zrake in his official capacity must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L.

9

CONCLUSION

For the reasons set forth above, the Amended Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  9 , 2020
       Central Islip, New York

---

Ed. 2d 45 (1989).